■ PICOTTE REALTY, INC., Respondent, v. SAMUEL I. ORSON et al., Doing Business as ORSON AND VASALLO, Appellants.—*Per Curiam*. Appeal by defendants from an order of the Supreme Court at Special Term, which granted, in part, and denied, in part, plaintiff's motion for summary judgment in an action to recover a real estate broker's commissions claimed to have been earned when plaintiff allegedly produced a tenant ready, willing and able to lease certain real property listed with plaintiff for that purpose; the order appealed from (1) granting the motion as to defendant Vassallo and directing " that the amount of the said judgment * * * be determined upon a trial of this issue " and (2) denying the motion as to defendant Orson, " leaving the question of the liability of the defendant, Samuel I. Orson, to the plaintiff as a co-partner of the defendant Carl Vassallo, for a trial of this issue." In their brief, appellants concede that the prospective tenant or its president was ready and willing to make the lease; but they dispute Special Term's finding that the purchaser was financially able to undertake and perform the long-term lease agreement required. The only proof of financial ability was the bare allegation of the moving affidavit that the corporation involved " was able to lease the said premises because it is a large chain of retail food stores with sound finances and an excellent credit rating ". Financial ability was put in issue by the answer and the above-quoted conclusory averments of the moving affidavit do not constitute factual proof and cannot be given evidentiary effect determinative of the issue. This conclusion renders unnecessary our consideration, on the papers now before us, of the question presented by the answering affidavits, including the affidavit of the prospective tenant's president, whether at the conference attended by the latter, as well as by plaintiff's vice-president and the defendant Vassallo, there eventuated a valid modification of the terms, by agreement of the parties, and with plaintiff's acquiescence, so as to require either a cash deposit of $15,000 or that the lease be acceptable to a bank for discount. We find untenable, however, appellants' contention that by virtue of the provision of the brokerage agreement specifying that the rental should be at the rate thereinafter set forth " or any other price or terms acceptable to the undersigned " (appellants), they could, after performance by plaintiff, unilaterally modify the brokerage agreement in this respect, and thus extinguish their obligation to plaintiff. Order modified, on the law and the facts, so as

to delete the provisions thereof awarding summary judgment and so as to provide that the motion be in all respects denied, and, as so modified, affirmed; with $20 costs to appellants. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.